UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE HOWARD JORDAN, <br><br> Plaintiff, <br><br> v. <br><br> DAVID O. LIVINGSTON, et al., <br><br> Defendants. | Case No. 25-cv-09481-RFL (PR) <br><br> **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff Bruce Howard Jordan alleges that he is exposed to unsafe conditions when he rides his jailor's inmate transport vehicle.  His 42 U.S.C. § 1983 complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. §§ 1915 and 1915A(a).

The complaint will be dismissed with leave to amend.  Jordan describes one incident that occurred during transport in which bumps in the road caused him to bounce around and he fell out of his seat.  He says he is worried he will suffer head trauma from falling out of his seat again because he is shackled and cannot use his hands to break his fall.  But Jordan does not explain whether this was a problem with the vehicle or the way it was driven, or provide any facts as to why this type of bouncy ride would be likely to recur in a manner that causes serious injury.  He must provide further details so that the Court can determine whether there is an ongoing safety concern that violates his constitutional rights.  Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before **April 20, 2026**.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

28 U.S.C. § 1915A(a).  In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff Jordan alleges that the vehicle in which he and other inmates in the custody of the Contra Costa County Sheriff ride is unsafe.  (Compl., Dkt. No. 1 at 2-3.)  But, he describes only one specific incident (October 9, 2025), and in that one he fell out of his seat during a bumpy ride.  (*Id.* at 3.)  He also contends the sheriff's department has not granted his requests for safety accommodations.  (*Id.*)

These allegations are not sufficient to state any claim for relief.  Jordan does not allege that he was injured when he fell out of his seat.  As for future serious injury, he expresses a worry about future head injury, but does not provide facts about why he thinks this type of bouncy ride might recur in a way that puts him in danger of serious harm.  Without that information, he does not state a claim for the type of "unnecessary and wanton infliction of pain"

2

that would constitute an Eighth Amendment violation for cruel and unusual punishment. *See, e.g., Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). Accordingly, the complaint is dismissed with leave to amend. Jordan must provide further details, such as how often he rides the vehicle, the dates on which he rode the vehicle, and what occurred on those rides. Such information is crucial to determine whether the allegations are sufficient to show an ongoing safety concern that violates his constitutional rights.

**CONCLUSION**

The complaint is DISMISSED with leave to file an amended complaint on or before **April 20, 2026**. The amended complaint must include the caption and civil case number used in this order (25-09481 RFL (PR)) and the words FIRST AMENDED COMPLAINT must appear on the first page. The amended complaint must also appear on this Court's form, a copy of which will be sent to him. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from any prior complaint by reference. Failure to file an amended complaint on or before April 20, 2026 will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to Plaintiff.

**IT IS SO ORDERED.**

**Dated:** March 11, 2026

RITA F. LIN
United States District Judge